Robert W. Mitchell (WSBA # 37444)
Robert W. Mitchell, Attorney at Law, PLLC
1020 N. Washington
Spokane, WA  99201
Telephone:   (509) 327-2224
Facsimile:    (888) 840-6003
Email:         bobmitchellaw@gmail.com

*Attorney for Plaintiff, Latalia Patterson*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LATALIA PATTERSON, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETERSON ENTERPRISES, INC., d/b/a VALLEY EMPIRE COLLECTION, a Washington Collection Agency, doing business pursuant to UBI No. 601438603,<br><br>Defendants. | NO.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE WASHINGTON CONSUMER PROTECTION ACT<br><br>DEMAND FOR JURY TRIAL |

COMES NOW, Plaintiff, LATALIA PATTERSON, individually and as class representative for Washington State Classes and Subclasses of similarly situated individuals, and alleges as follows:

CLASS ACTION COMPLAINT          1          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

## I.    <u>NATURE OF ACTION</u>

1.1    Defendant is a collection agency and third party debt collector that reports consumer accounts to major credit reporting agencies.

1.2    Defendant uses credit reporting as a collection tool.  *See*, *Edeh v. Midland Credit Management*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) (stating in pertinent part: "The Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.").  *See also*, Cass, FTC Informal Staff letter (Dec. 23, 1997) (reporting to a credit bureau is "collection activity" that must cease until section 1692g(b) verification is provided: "the reality is that debt collectors use the reporting mechanism as a tool to persuade consumers to pay, just like dunning letters and telephone calls.")

1.3    Erroneous credit reporting causes actual economic damage to consumers, including: damage to character and reputation, loss of credit, reduction of credit lines, increased interest rates on existing credit lines, increased insurance rates, loss of employment opportunities, emotional distress, *inter alia*. *See*, 15 U.S.C. § 1681(a).

1.4    To mitigate the damage to consumers when collection agencies report accounts to credit reporting agencies, the Fair Debt Collection Practices

CLASS ACTION COMPLAINT          2          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

Act, Washington's Collection Agency Act, and Washington's Consumer Protection Act require debt collectors to inform the credit reporting agencies when a consumer disputes an account. *See*, 15 U.S.C. § 1692e(8); RCW 19.16.250(10)(a); and RCW 19.86, *et seq*.

1.5    The Fair Debt Collection Practices Act states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

1.6    Washington's Collection Agency Act states in pertinent part:

> …If the licensee or employee of a licensee reports a claim to a credit reporting bureau, the licensee shall, upon receipt of written notice from the debtor that any part of the claim is disputed, notify the credit reporting bureau of the dispute by written or electronic means and create a record of the fact of the notification and when the notification was provided.

RCW 19.16.250(10)(a).

CLASS ACTION COMPLAINT          3          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

1.7    A violation of Washington's Collection Agency Act is a *per se* unfair and deceptive act or practice in violation of Washington's Consumer Protection Act. RCW 19.16.440.

1.8    This case presents irrefutable evidence that Defendant either fails or refuses to report disputed accounts as disputed.

1.9    In this case, Defendant is reporting old medical accounts on Plaintiff's consumer credit reports.

1.10    Defendant also filed a collection lawsuit against Plaintiff in attempt to collect these old medical accounts.

1.11    Plaintiff disputed the accounts through her answer to Defendant's complaint, and in her response to Defendant's motion for summary judgment.

1.12    In fact, Plaintiff vigorously defended Defendant's state court debt collection lawsuit.

1.13    Plaintiff ultimately resolved all claims with the original creditor, without paying either account, because she did not owe the account as Defendant's alleged.

1.14    Months have passed since Plaintiff filed and served her answer to Defendant's lawsuit and her response in opposition to Defendant's motion for summary judgment.

CLASS ACTION COMPLAINT          4          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

1.15   During that time, Defendant has updated the account reporting more than once.

1.16   Defendant has never reported the account as "disputed."

1.17   Plaintiff believes and therefore avers that consumers regularly dispute accounts to Defendant while Defendant is engaged in debt collection and debt collection litigation.

1.18   Plaintiff further believes and therefore avers that Defendant regularly fails or refuses to report the disputed accounts as disputed.

1.19   This is a class action complaint for injunctive relief and damages to stop Defendant from continuing these unfair and deceptive practices, and to compensate class members who have been harmed by Defendant's conduct over the previous years.

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction and Venue in the United States District Court, Eastern District of Washington, are appropriate where this dispute involves predominantly issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district, and where the Defendant conducts substantial business in this district, and where Defendant has already

CLASS ACTION COMPLAINT           5           Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

submitted to this jurisdiction by taking legal action against Plaintiff in Spokane County District Court.   (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

2.2    Defendant is liable unto Plaintiff pursuant to the provisions of the Fair Debt Collection Practice Act, 15 U.S.C. § 1692 et. seq., as well as other applicable federal and state laws.  Defendant is also liable unto Plaintiff pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. § 1367, et seq.

### III.   PARTIES

3.1    Plaintiff, LATALIA PATTERSON resides in Spokane County, Washington.

3.2    Plaintiff's child required medical care.

3.3    Plaintiff maintains two separate health insurance plans.

3.4    The medical provider failed to properly bill Plaintiff's insurance.

3.5    The account therefore went unpaid.

3.6    The medical provider then assigned Plaintiff's defaulted account to Defendant for collections.

CLASS ACTION COMPLAINT          6          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

3.7    Plaintiff is therefore a "debtor," as defined by the Fair Debt Collection Practices Act (FDCPA), and the Washington Collection Agency Act (WCAA).

3.8    Plaintiff is also a "person," as defined by the Washington Consumer Protection Act (CPA).

3.9    Plaintiff acted as a "debtor" and a "person" at all times relevant to this litigation.

3.10    Defendant, PETERSON ENTERPRISES INC., d/b/a VALLEY EMPIRE COLLECTION (hereinafter "Valley"), is a third party "debt collector" and "collection agency," as those terms are defined by the FDCPA and WCAA, respectively.

3.11    Defendant, "Valley" is a "business" and a "person," as defined by Washington's CPA.

3.12    Valley is registered to conduct business in the state of Washington, under Unified Business ID (UBI) Number 601438603.

3.13    Valley is physically located in Spokane County, Washington.

3.14    Valley is also licensed with the Washington State Department of Licensing as an "in-state collection agency."

CLASS ACTION COMPLAINT          7          Robert Mitchell Attorney at Law, PLLC
                                                      1020 N. Washington | Spokane, WA 99201
                                                      Ph (509) 327-2224 | Fax (888) 840-6003
                                                      bobmitchelllaw@gmail.com

3.15    Valley maintains a registered agent for service of process in Washington State: <u>Troy Peterson, 8817 E. Mission Ave, Suite 101, Spokane Valley, WA  99212</u>.

3.16    Valley regularly engages in the business of third party debt collection, which has a public impact and is a matter of public interest.

## IV.  <u>FACTUAL ALLEGATIONS RELEVANT TO PLAINTIFF</u>

4.1    Plaintiff re-alleges paragraphs 1 through 3, inclusive as though fully set forth herein.

4.2    Plaintiff's daughter obtained medical care, which was intended for personal, family, and household purposes.

4.3    Defendant alleges that Plaintiff defaulted on payment for the medical care at issue.

4.4    The medical provider assigned the defaulted medical accounts to Defendant for collection.

4.5    Defendant is a collection agency and third party debt collector that uses credit reporting as a means to collect defaulted third party debts that were originally owed to others.

4.6    Defendant reported Plaintiff's medical accounts to major credit reporting agencies.

4.7    Defendant also filed a debt collection lawsuit against Plaintiff.

CLASS ACTION COMPLAINT          8          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

4.8    Plaintiff responded to Defendant's debt collection lawsuit by filing and serving an answer.

4.9    Plaintiff's answer denied the claims presented in Defendant's debt collection lawsuit.

4.10    Plaintiff's answer also asserted cross claims and counterclaims.

4.11    Plaintiff's answer therefore "disputed" the accounts that Defendant was attempting to collect from Plaintiff.

4.12    Defendant then filed a motion for summary judgment in attempt to obtain judgment for the disputed claims.

4.13    Plaintiff filed a detailed response brief in opposition to Defendant's motion for summary judgment.

4.14    Plaintiff's detailed response brief repeatedly disputed the accounts Defendant was attempting to collect from Plaintiff.

4.15    Plaintiff disputed the medical accounts on more than one occasion.

4.16    Defendant updated its reporting of the medical accounts to the credit reporting agencies *after* Plaintiff provided Defendant with Plaintiff's answer and Plaintiff's response in opposition to Defendant's motion for summary judgment.

4.17    Despite receiving these pleadings disputing the medical accounts, Defendant never informed the credit reporting agencies that Plaintiff disputed the accounts.

4.18    Defendant's actions were unfair.

CLASS ACTION COMPLAINT          9

4.19    Defendant's actions were deceptive.

4.20    Defendant's unfair and deceptive actions occurred in course of trade or commerce: the business of debt collection.

4.21    According to Defendant's website, Defendant is: "...the Inland Northwest's foremost Bill Collector." *See*, http://www.debtintocash.com/.

4.22    According to Defendant's website: "...Valley Empire Collection has been assigned over 1.2 million listings..." *Ibid*.

4.23    According to Defendant's website, Defendant employs over 50 persons. *Ibid*.

4.24    Defendant's unfair and deceptive actions therefore involve a matter of public interest and have a public impact.

4.25    Defendant's unfair and deceptive actions therefore have the capacity for repetition.

4.26    Defendant's unfair and deceptive actions caused actual economic injury and damages to Plaintiff's credit, character, and reputation.

4.27    Defendant's unfair and deceptive actions caused Plaintiff severe emotional distress.

4.28    Defendant's unfair and deceptive actions are the direct and proximate cause of Plaintiff's injuries and damages.

4.29    Defendant regularly fails to report disputed accounts as disputed.

CLASS ACTION COMPLAINT          10          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

4.30 Defendant's unfair and deceptive practice of failing to report disputed accounts as disputed continue to injure Washington consumers.

## V.    CLASS ACTION ALLEGATIONS

5.1    Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2    Plaintiff brings the following class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), individually and on behalf of all class members who suffered injury or damage to their credit as a result of Defendant failing or refusing to report a disputed account as disputed to any third party credit reporting agency.

5.3    The claims asserted in this case satisfy the requirements of Rule 23(a) because:

A.    The members of the class are so numerous that joinder of all members is impractical.

B.    There are questions of law and fact common to the Class and these questions predominate over any questions affecting only individual class members.

C.    The only individual issues are: 1) The identification of consumers who disputed collection accounts, claims, or debts directly to

CLASS ACTION COMPLAINT          11

Defendant; 2) Whether Defendant reported those accounts to a third party consumer reporting agency; and 3) Whether Defendant reported the disputed accounts as disputed.

D.    These are matters capable of ministerial determination from Defendant's own records.

E.    Plaintiff's claims are typical of the Class Members; all are based on the same facts and legal theories.

F.    Plaintiff will fairly and adequately represent the Class members' interests.

G.    Plaintiff has retained counsel experienced in brining class actions and collection-abuse claims.

H.    Plaintiff's interests are consistent with those of the Class members.

5.4    A class action is the superior method for the fair and efficient adjudication of this controversy, especially where this case involves hundreds of Consumer Protection violations.

5.5    Classwide relief is essential to compel Defendant to comply with the Fair Debt Collection Practices Act, Washington's Collection Agency Act, and Washington's Consumer Protection Act.

CLASS ACTION COMPLAINT          12          Robert Mitchell Attorney at Law, PLLC
                                            1020 N. Washington | Spokane, WA 99201
                                            Ph (509) 327-2224 | Fax (888) 840-6003
                                            bobmitchelllaw@gmail.com

5.6    The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small, because the statutory damages in an individual action for violation of the FDCPA are small.

5.7    Management of these claims is likely to present significantly fewer difficulties than are presented in multiple class claims because the claims are so similar in nature and are likely limited to consumers located in a specific geographical area.

5.8    Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

5.9    Moreover, on information and belief, Plaintiff alleges that the FDCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

5.10    Plaintiff seeks to certify two separate subclasses through this litigation where the applicable statutes have varying elements and remedies.

5.11    Therefore, depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes or subclasses only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

CLASS ACTION COMPLAINT          13

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

# CLASS ONE - FDCPA

## VI.    FACTUAL ALLEGATIONS RELEVANT TO FDCPA CLASS

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    Class members are persons, consumers and debtors that Defendant alleges defaulted on consumer debts.

6.3    Defendant is a third party debt collector.

6.4    Defendant regularly collects defaulted consumer debts originally owed to another.

6.5    The principal purpose of Defendant's business is the collection of defaulted accounts originally owed to another.

6.6    Defendant regularly reports defaulted consumer debts to major credit reporting agencies.

6.7    Class members have verbally and/or orally disputed these debts to Defendant.

6.8    Defendant knows or should know that class members disputed the debts Defendant is reporting to credit reporting agencies.

CLASS ACTION COMPLAINT           14

Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

6.9    Within the last 12 months, Defendant has failed to inform the major credit reporting agencies that class members have disputed certain consumer debts.

6.10    Defendant's actions are unfair and deceptive.

6.11    Defendant's actions have caused actual economic damage to class members' credit reports.

6.12    Defendant's actions have damaged the character and reputation of class members.

6.13    Defendant's actions have caused class members humiliation, frustration, anxiety, and other severe emotional distress.

6.14    Defendant's actions have caused class members other economic and non-economic damages.

6.15    Defendant's actions are the direct and proximate cause of class members' damages.

## VII.    <u>FIRST CAUSE OF ACTION</u>

### <u>(Fair Debt Collection Practices Act Violations)</u>

7.1    Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

CLASS ACTION COMPLAINT          15          Robert Mitchell Attorney at Law, PLLC
                                                            1020 N. Washington | Spokane, WA 99201
                                                            Ph (509) 327-2224 | Fax (888) 840-6003
                                                            bobmitchelllaw@gmail.com

7.2    Congress enacted the Fair Debt Collection Practices Act (hereinafter FDCPA) in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); and *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

7.3    The FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, **including the failure to communicate that a disputed debt is disputed**.

15 U.S.C. § 1692e(8). **Emphasis added**.

7.4    The FDCPA is a strict liability remedial statute that must be liberally construed to protect consumers. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994).

7.5    Pursuant to the FDCPA, a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. §1692a(3).

CLASS ACTION COMPLAINT        16        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

7.6    The term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

7.7    The term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

7.8    Class members are consumers that Defendant alleges defaulted on consumer debts originally owed to a third party.

7.9    Defendant is a third party debt collector.

7.10    Defendant regularly collects defaulted consumer debts originally owed to another.

7.11    The principal purpose of Defendant's business is the collection of defaulted accounts originally owed to another.

7.12    Defendant reports defaulted consumer debts to major credit reporting agencies.

CLASS ACTION COMPLAINT          17          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

7.13   Class members have verbally and/or orally disputed these debts to Defendant.

7.14   Defendant knows or should know that class members disputed the debts Defendant is reporting to credit reporting agencies.

7.15   Within the last 12 months, Defendant has failed to inform the major credit reporting agencies that class members disputed certain consumer debts.

7.16   It was unfair and deceptive for Defendant to fail or refuse to inform the major credit reporting agencies that class members disputed certain consumer debts.

7.17   Defendant's actions have caused actual economic damage to class members' credit reports.

7.18   Defendant's actions have damaged the character and reputation of class members.

7.19   Defendants' actions have caused class members humiliation, frustration, anxiety, and other severe emotional distress.

7.20   Defendant's actions have caused class members other economic and non-economic damages.

7.21   Defendant's actions are the direct and proximate cause of class members' injury and damages.

CLASS ACTION COMPLAINT          18          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

7.22   Plaintiff and class members are also entitled to statutory damages in the amount of up to $1,000.00, per individual.

7.23   Plaintiff and class members are also entitled to an award of attorneys' fees and costs.

# CLASS TWO – WASHINGTON CPA

## VIII.  FACTUAL ALLEGATIONS RELEVANT TO CPA CLASS

8.1    Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2    Class members are natural persons that Defendant alleges defaulted on claims that were intended for personal, family and household purposes.

8.3    Defendant is a collection agency.

8.4    Defendant regularly collects claims that were originally owed to another.

8.5    Defendant regularly reports these defaulted claims to major credit reporting agencies.

8.6    Within the last 48 months, class members have disputed claims directly to Defendant in writing.

CLASS ACTION COMPLAINT          19          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

8.7     Within the last 48 months, Defendant has failed to inform the major credit reporting agencies that class members disputed certain claims.

8.8     Defendant's actions are unfair and deceptive.

8.9     Defendant's actions have caused actual economic damage to class members' credit reports.

8.10    Defendant's actions have damaged the character and reputation of class members.

8.11    Defendant's actions are the direct and proximate cause of these consumers' damages.

## IX.    SECOND CAUSE OF ACTION

### (*Per Se* Washington State Consumer Protection Act Violation)

9.1     Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2     Washington's Consumer Protection Act (hereinafter "CPA") states in pertinent part: "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

9.3     Washington's CPA applies to the actions at issue herein because Plaintiff is a "consumer/person" and Defendant is a "business," the complaint

CLASS ACTION COMPLAINT          20          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

involves conduct which occurred in the course of trade/commerce, Plaintiff and all others similarly situated Class members were damaged and injured in their property or business by Defendant's unfair and deceptive acts or practices, and the complaint involves a matter of public interest which is capable of repetition and affects other consumers in this state.

9.4    Washington statute provides in pertinent part:

> …If the licensee or employee of a licensee reports a claim to a credit reporting bureau, the licensee shall, upon receipt of written notice from the debtor that any part of the claim is disputed, notify the credit reporting bureau of the dispute by written or electronic means and create a record of the fact of the notification and when the notification was provided.

RCW 19.16.250(10)(a).

9.5    If the consumer disputes the debt in writing to the collection agency, it is a *per se* unfair and deceptive act or practice for a collection agency to fail or refuse to inform the credit reporting agency that the debt is disputed.  *See*, RCW 19.16.440, stating in pertinent part:

> …the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW19.16.250 are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW.

CLASS ACTION COMPLAINT          21          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

9.6    Additionally, to determine what constitutes an unfair or deceptive act or practice under Washington's CPA, Washington courts also look to the various federal statutes dealing with similar matters.  *Lightfoot v. MacDonald*, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).

9.7    The court in *Lightfoot* stated:

> …we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

*See, Lightfoot* at 335.

9.8    Based on the above federal and state statutes and case law, this Court should use Washington's Collection Agency Act and the Fair Debt Collection Practices Act to determine the standards of unfair and deceptive acts and practices when determining if Defendant violated Washington's CPA in the case at hand.

9.9    As stated *Supra*, failing to report a disputed account as disputed is considered an unfair and deceptive act or practice in violation of Washington's Collection Agency Act and the Fair Debt Collection Practices Act.  *See*, RCW 19.16.250(10)(a), and 15 U.S.C. § 1692e(8), respectively.

CLASS ACTION COMPLAINT          22          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchellaw@gmail.com

9.10   Within the last 48 months, Defendant has failed to inform the major credit reporting agencies that class members disputed certain claims directly to Defendant in writing.

9.11   As such, it was an unfair and deceptive act or practice for Defendant to fail to report to the consumer reporting agencies that class members disputed their accounts to Defendant in writing.

9.12   Defendant's unfair and deceptive acts and practices occurred in the course of trade or commerce.  RCW 19.16, et seq.

9.13   Debt collection is a matter of public interest and had a public impact.  *Panag v. Farmers Ins. Co. of Washington*, 166 Wash.2d 27, 204 P.3d 885 (2009).

9.14   Defendant's own statements: "1.2 million collection accounts," illustrate that Defendant's unfair and deceptive acts and practices have the capacity for repetition.

9.15   Defendant's history of similar violations also illustrates a capacity for repetition.  *See*, *Watkins v. Peterson Enterprises, Inc.*, 57 F. Supp. 2d 1102 (E.D. WASH, 1999).

9.16   Defendant's unfair and deceptive acts or practices have caused actual economic damage and injury to class members' credit reports.

CLASS ACTION COMPLAINT          23          Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

9.17    Defendant's unfair and deceptive acts or practices have caused actual economic damage and injury to the character and reputation of class members.

9.18    Defendant's unfair and deceptive acts or practices are the direct and proximate cause of Class members' actual economic damages and injuries.

## X.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class members respectfully request that the Court grant Plaintiff and all Class members the following relief against Defendant:

A.    As a result of Defendant's violations of 15 U.S.C. § 1692e(8), Plaintiff seeks for herself and each similarly situated Class member, reimbursement for all actual economic and non-economic damages caused by Defendants' violations;

B.    As a result of Defendant's violations of 15 U.S.C. § 1692e(8), Plaintiff seeks for herself and each similarly situated Class member, $1,000.00 statutory damages;

C.    As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, reimbursement for all actual economic damages caused by Defendants'

CLASS ACTION COMPLAINT        24        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

violations;

D.     As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, Treble Plaintiffs' and class members' "actual" damages up to the amount of $25,000 per individual claimant;

E.     As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, Injunctive relief prohibiting Defendant from engaging in similar violations in the future;

F.     As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, Injunctive relief prohibiting Defendant from ever again reporting any defaulted medical debts to any credit reporting agency;

G.     As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, Injunctive relief preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on any of the claims at issue in this litigation, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor(s) on such claims, pursuant to RCW

CLASS ACTION COMPLAINT          25

19.16.450, RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

H.    As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, an Order directing Defendant to amend any state court judgment received against Plaintiff or similarly situated Class member to remove any and all interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor(s) on such claims, pursuant to RCW 19.16.450, RCW 19.86.090, and *Scott v. Cingular Wireless*, 160 Wn.2d 843, 161 P.3d 1000 (2007); *Hockley v. Hargitt*, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); *Lightfoot v. MacDonald*, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

I.    As a result of Defendant's violations of RCW 19.86, et seq., Plaintiff seeks for herself and each similarly situated Class member, an award of attorneys' fees and costs to counsel for Plaintiff and the Class;

CLASS ACTION COMPLAINT          26        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

J.    Plaintiff seeks for herself and each similarly situated Class member, an award of Interest on the above amounts as authorized by law;

K.    Plaintiff seeks for herself and each similarly situated Class member, an order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

L.    Plaintiff seeks for herself and each similarly situated Class member, leave to amend this Complaint as needed and as required; and

M.    Plaintiff seeks for herself and each similarly situated Class member, such other relief as the Court deems just and proper.

//

//

//

//

//

//

//

CLASS ACTION COMPLAINT        27        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com

# XI.    REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

Dated this $\underline{17^{th}}$ day of May, 2018.

*Robert Mitchell*

ROBERT MITCHELL, WSBA No. 37444
Robert Mitchell Attorney at Law, PLLC
1020 N. Washington St.
Spokane, WA 99201
Telephone:   (509) 327-2224
Fax:              (888) 840-6003
Email:         bobmitchelllaw@gmail.com

CLASS ACTION COMPLAINT        28        Robert Mitchell Attorney at Law, PLLC
1020 N. Washington | Spokane, WA 99201
Ph (509) 327-2224 | Fax (888) 840-6003
bobmitchelllaw@gmail.com