Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
1020 N. Washington
Spokane, WA  99201
Telephone:  509-327-2224
Facsimile:  888-840-6003
Email:  bobmitchellaw@yahoo.com

Honorable Rossana M. Peterson

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LATALIA PATTERSON, on bhealf of herself and all otherse similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>PETERSON ENTERPRISES, INC., a Washington collection agency doing business pursuant to UBI No. 601438603, doing business as Valley Empire Collection,<br><br>     Defendant. | NO.  2:18-cv-00161-RMP<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

  COMES NOW Plaintiff, LATALIA PATTERSON, by and through the undersigned counsel, and respectfully submits this Brief in Opposition to Defendant's Motion to Dismiss.

# I. INTRODUCTION

Defendant is a debt collector subject to the Fair Debt Collection Practices Act ("FDCPA"), which is a strict liability remedial statute that must be liberally construed to protect consumers like Plaintiff. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995); and *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). As such, if Defendant reports an account to a Credit Reporting Agency ("CRA"), and if Defendant knows that the consumer disputes the account, Defendant is statutorily required to inform the CRA that the account is *disputed*. 15 U.S.C. § 1692e(8). It is a violation of the Fair Debt Collection Practices Act ("FDCPA") for a debt collector to fail to report a disputed account as disputed. *Clark v. Capital Credit & Collection Services, L.L.C.*, 460 F. 3d 1162 (9th Cir. 2006). The FDCPA has a one year statute of limitations that runs from the date of the most recent violation. *Joseph v. J.J. MacIntyre Companies*, 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003). This is especially true if a credit reporting violation includes new information. *Pittman v. J.J. MacIntyre Co.*, 969 F. Supp. 609, 611 (D. Nev. 1997). And, the FDCPA's statute of limitations is not jurisdictional. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009); and *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002). Therefore, Plaintiffs are entitled to assert additional equitable defenses to a statute of limitations argument.

## II. STATEMENT OF THE CASE

Defendant admits reporting Plaintiff's account to at least one Credit Reporting Agency ("CRA"). *See* Dkt. 7, p. 3, lines 7 – 9. *See also* Patterson decl., **EXHIBIT 1**. Defendant admits that Plaintiff "denied" the account through formal legal pleadings. Dkt. 7. Defendant admits that it failed or refused to report the disputed account as *disputed*. *See* Dkt. 7, p. 3, lines 7 – 9, stating*:* "The information reported to the credit reporting agency by VEC about the account did not change after September 15, 2015." Defendant reported the account this very month, but still failed or refused to report the account as "disputed." **EX. 1**. To this very day, Defendant has never reported the account as disputed. *Id.*

Nevertheless, despite violating the statute this very month, and despite the continuing nature of Defendant's credit reporting violations, Defendant's motion alleges that Plaintiff failed to file this action within the statute of limitations. However, because Defendant is committing new statutory violates each month, the statute of limitations has not even started to run, much less run out. *See*, *Joseph v. J.J. MacIntyre Companies*, 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003) (holding an FDCPA lawsuit is timely if it is filed within one year of the

most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue.)

The statute of limitations also started anew because, this very month, Defendant increased the account balance from "$479" to "$484," *after* the original creditor discharged the debt, and *after* Defendant dismissed its debt collection lawsuit, and *after* it was determined as a matter of law that Plaintiff does not owe the debt, and *after* Defendant lost all right to report the debt on Plaintiff's credit reports. **EX. 1**. These are new, separate, and distinct statutory violations that require a new statute of limitations. *Pittman v. J.J. MacIntyre Co.*, 969 F. Supp. 609, 611 (D. Nev. 1997).

Defendant's motion attempts to deceive this Court about these new violations by asserting: "The information reported to the credit reporting agency by VEC about the account did not change after September 15, 2015." *See* Dkt. 7, p. 3, lines 7 – 9. This allegation is patently false. The credit reports are clear. Defendant is reporting *new* erroneous information every month.

Even if this Court rejected the well-established rules regarding continuing violations and new information creating a new statute of limitations, the Ninth Circuit decided that the FDCPA's statute of limitations is not jurisdictional, thereby entitling Plaintiff to additional equitable defenses. *Mangum v. Action*

*Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009); and *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002). Therefore, regardless of the legal theory applied, Defendant's statute of limitations argument is untenable.

### III. FACTS

Plaintiff hereby incorporates as though fully set forth herein all factual allegations contained in Plaintiff's Complaint, Dkt. 1, and requests that this Court accept all allegations as true. Fed. R. Civ. P. 12(b)(6).

3.1 On September 15, 2015, Defendant began reporting a medical debt on Plaintiff's consumer credit report. *See*, Defendant's Motion to Dismiss, Dkt. 7, p. 3, lines 6 – 7; and Cannon decl., p. 2, ¶ 7.

3.2 Defendant's motion alleges: "The information reported to the credit reporting agency by VEC about the account did not change after September 15, 2015." *See*, *Id*. at lines 7 – 9.

3.3 This allegation is patently false because Defendant reported an increased account balance just this month. Patterson decl., **Exhibit 1**.

3.4 Nevertheless, the allegation does admit that Defendant never informed the Credit Reporting Agencies that Plaintiff disputed the account.

3.5 On October 4, 2017, Defendant sued Plaintiff in state court in attempt to collect the account. *Id.* at lines 10 – 11; and Cannon decl., p. 2, ¶ 6.

3.6     On November 16, 2017, Plaintiff filed an answer with the state court disputing the account, and asserting counterclaims, crossclaims, and third party claims. *Id*. at lines 12 – 13. *See also*, Patterson decl., **Ex. 2**.

3.7     Plaintiff issued discovery to Defendant. Patterson decl.

3.8     On January 10, 2018, Defendant moved the state court for summary judgment. *See*, Patterson decl.

3.9     Plaintiff responded to Defendant's motion for summary judgment by disputing the account. *Id*.

3.10    The parties appeared in state court to argue the motions, and during the hearings Plaintiff again disputed the account. Patterson decl.

3.11    On April 5, 2018, Defendant reported to Equifax that Plaintiff owed Defendant $479.00. *Id*.

3.12    On May 18, 2018, Plaintiff filed this federal lawsuit alleging that Defendant was reporting a *disputed* debt on Plaintiff's credit report without reporting that the debt is *disputed*. Dkt. 1.

3.13    On June 8, 2018, the original creditor discharged the debt, and the creditor and Plaintiff mutually dismissed claims. *See*, Patterson decl., **Ex. 2**.

3.14    On July 20, 2018, Defendant dismissed its state court debt collection lawsuit against Plaintiff. Patterson decl.

3.15 The state court litigation concluded in settlement and dismissal, therefore Plaintiff does not owe the debt. *Id.*

3.16 In August of 2018, Defendant reported to Equifax that Plaintiff owes Defendant $484.00. **Ex. 1**.

3.17 In August of 2018, Defendant increased the balance on the account. (Compare April 5, 2018 Equifax report with August 2018 Equifax report illustrating that the account balance increased from $479 to $484 between April and August of 2018.).

3.18 **Defendant has never reported the account as *disputed*.** **Ex. 1**.

3.19 Defendant continues to credit report that Plaintiff owes $484, and Defendant continues to increase the account balance, despite the debt being discharged and the debt collection lawsuit being dismissed. *Id.*

## IV. AUTHORITY

**A. Motion to Dismiss Standard.**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint

generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. *Id*. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558-59.

## B. Defendant's own Motion Demonstrates that Plaintiff met the Relevant Pleading Standard.

The Fair Debt Collection Practices Act ("FDCPA") is a strict liability remedial statute that must be liberally construed to protect consumers. *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995); and *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507 (9th Cir. 1994). The statute does not require proof of intent. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775 (9th Cir. 1982).

State law provides similar protections. RCW 19.16.250(10). A violation of Washington's Collection Agency Act is a *per se* violation of Washington's Consumer Protection Act, which also must be liberally construed to protect consumers from similar violations. *See*, RCW 19.16.440, and RCW 19.86.920, respectively.

In this case, Plaintiff's complaint alleges that Defendant is a debt collector covered by the statute. Dkt. 1, ¶ 3. Plaintiff's complaint alleges that as a debt collector, if Defendant reports an account to a Credit Reporting Agency ("CRA"), and if Defendant knows that the consumer disputes the account, 15 U.S.C. § 1692e(8) requires Defendant to inform the CRA that the account is *disputed*. Dkt. 1.

Defendant's own motion and supporting declaration admit: 1) Defendant reported Plaintiff's account to at least one Credit Reporting Agency; 2) Plaintiff disputed the account through legal pleadings filed in the State Court; and 3) Defendant has never reported the account as disputed. Dkt. Nos. 7 & 8. Ironically, in addition to admitting all the relevant facts necessary to obtain judgment as to liability, Defendant's own motion also recites all relevant dates required to prove that Plaintiff's claim was filed well within the one-year statute of limitations:

> On October 4, 2017, VEC filed a state court collection complaint against Plaintiff that included the account. On November 16, 2017, Plaintiff filed an answer to the state court complaint that denied VEC's claim. This action was filed on May 18, 2018.[1]

The record illustrates that Defendant continues to report the account without reporting the account as *disputed*. Patterson decl., **Ex. 1**. The record also illustrates that since this lawsuit was filed, Defendant dismissed its state court debt collection case against Plaintiff, the original creditor discharged the underlying account, and Defendant has no right to credit report the account at all.

---

[1] Dkt. 7 at p. 3, lines 10 – 14.

Nevertheless, just this month Defendant reported the account as still owing. *Id*. Defendant did not report the account as *disputed*. And, Defendant even increased the account balance from $479 to $484. *Id*. Therefore, according to Defendant's own admissions, Plaintiff has clearly pled a valid 15 U.S.C. § 1692e(8) cause of action, and Plaintiff's exhibits illustrate that since this matter was filed, Defendant has committed equally egregious statutory violations.

C. **Defendant's Vague Suggestion that the Statute of Limitations Began in September of 2015 is Untenable.**

The Fair Debt Collection Practices Act ("FDCPA")'s statute of limitations is not jurisdictional. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009); and *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002). An FDCPA lawsuit is timely if it is filed within one year of the most recent date on which the defendant is alleged to have violated the FDCPA, and the entire course of conduct is at issue. *See*, *Joseph v. J.J. MacIntyre Companies*, 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003). The statute of limitations starts anew when Defendant commits a new violation. *Pittman v. J.J. MacIntyre Co.*, 969 F. Supp. 609, 611 (D. Nev. 1997).

It is simply not possible that Plaintiff's claims are time-barred because the statute of limitations starts anew each time Defendant reports erroneous

information to the CRA's. In this case, Defendant has been reporting erroneous information every month. *See*, *Supra*. at Fn. 4.

Even if this Court were to conclude otherwise, the statute of limitations started anew this very month because the original creditor discharged the underlying account in June of 2018, Defendant dismissed its debt collection lawsuit against Plaintiff in July of 2018, and Defendant lost all rights and privileges to report the account after the original creditor discharged the debt and after Defendant dismissed its lawsuit. Yet, in August of 2018, Defendant reported the account to Equifax, and again failed to report the account as *disputed*. Defendant's August reporting also increased the account balance from $479 to $484. These *new* statutory violations are new, separate, and distinct statutory violations, which create a new statute of limitations.

Where the FDCPA's statute of limitations is not jurisdictional, Plaintiff is also entitled to equitable arguments. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935 (9th Cir. 2009); and *Clark v. Bonded Adjustment Co.*, 204 F.R.D. 662 (E.D. Wash. 2002). Plaintiff will not consume this Court's valuable resources with a list of these equitable defenses at this time. Suffice it to say, the facts of this case warrant at least one equitable defense to the strict statute of limitations analysis Defendant suggests.

Because Defendant is still committing new and distinct statutory violations to this very day, the statute of limitations has not even started to run, much less run out. Therefore, regardless of which legal theory this Court applies, Defendant's statute of limitations theory is untenable.

## V. CONCLUSION

Given the above, not only should this Court DENY Defendant's Motion to Dismiss, but this Court should admonish Defendant for submitting patently false statements to this Court, and warn Defendant against abusing this Court's resources with future unnecessary motions intended to compound the pleadings.

DATED this 27th day of August, 2018.

*/s/ Robert Mitchell*
Robert W Mitchell, WSBA #37444
Robert Mitchell, Attorney at Law, PLLC
1020 N. Washington
Spokane, WA 99201
Phone:    (509) 327-2224
Email:    bobmitchellaw@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**DEFENDANT**, PETERSON ENTERPRISES, INC., through its attorney: Jeffrey Hasson, at: hasson@hassonlawllc.com.

DATED this 27th day of August, 2018.

        Respectfully submitted,

S/Robert Mitchell
Robert W. Mitchell (WSBA # 37444)
Attorney at Law, PLLC
1020 N. Washington
Spokane, WA 99201
Telephone: 509-327-2224
Facsimile: 888-840-6003
Email: bobmitchellaw@gmail.com
*Attorney for Plaintiff*