FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 23, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LATALIA PATTERSON, on behalf of herself and all others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PETERSON ENTERPRISES, INC., a Washington collection agency doing business pursuant to UBI No. 601438603, doing business as Valley Empire Collection,<br><br>　　　　　　　Defendant. | NO: 2:18-CV-161-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

**BEFORE THE COURT** is a Motion to Dismiss under Rule 12(b)(6) filed by Defendant Peterson Enterprises, Inc., doing business as Valley Empire Collection ("Valley Empire"), ECF No. 7. Valley Empire argues that Plaintiff Latalia Patterson's Class Action Complaint, ECF No. 1, fails to state a FDCPA claim. ECF No. 7. The Court has reviewed the parties' arguments, the record, the pleadings, and is fully informed.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 1

## BACKGROUND

Ms. Patterson alleges the following facts in her complaint. ECF No. 1. She alleges that her child needed medical care. *Id.* at 6. Despite possessing two separate health insurance plans, Ms. Patterson alleges that the child's medical providers failed to properly bill Ms. Patterson's insurance. *Id.* As a result, Ms. Patterson alleges that the account went unpaid, Ms. Patterson defaulted, and the medical provider sent the defaulted account to Valley Empire for collections. *Id.*

Ms. Patterson claims that Valley Empire reported the unpaid accounts to major credit reporting agencies and subsequently filed a debt collection lawsuit against Ms. Patterson. ECF No. 1 at 8. Ms. Patterson alleges that she filed and served an answer to Valley Empire's debt collection lawsuit. *Id.* at 9. Ms. Patterson argues that serving an answer and asserting cross claims and counterclaims constitutes "disputing" the unpaid accounts. *Id.* Ms. Patterson alleges that she continued fighting Valley Empire's debt collection lawsuit by opposing summary judgment. *Id.*

Ms. Patterson alleges that Valley Empire failed to report the medical accounts as disputed after Ms. Patterson's opposition to the debt collection lawsuit. ECF No. 1 at 9. According to Ms. Patterson, Valley Empire's failure to report the credit accounts as disputed violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Washington Collection Agency Act ("WCAA"), R.C.W. § 19.16, and the Washington Consumer Protection Act ("WCPA"), § 19.86 *et seq.*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 2

ECF No. 1 at 14–27. She claims that Valley Empire has acted similarly to other people in Ms. Patterson's position, and looks to proceed with her case against Valley Empire as a class action. *Id.*

Valley Empire filed this present Motion to Dismiss Ms. Patterson's FDCPA claim, arguing that Ms. Patterson failed to allege any FDCPA violations within the one-year statute of limitations. ECF Nos. 7 & 15; 15 U.S.C. § 1692k(d). Ms. Patterson alleges that Valley Empire's conduct occurred within the statute of limitations. ECF No. 12.

## LEGAL STANDARD

A plaintiff's claim will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual

allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Additionally, "[n]o greater particularity is necessary in stating the claim for relief in a class action than in other contexts." 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1798 (3d ed.).

## DISCUSSION

*Evidence Outside The Complaint*

In support of their arguments on this motion to dismiss, the parties submitted multiple declarations and exhibits. *See* ECF Nos. 8, 9, 12-1, 12-2.

As a general rule, a district court hearing a Rule 12(b)(6) motion cannot consider matters outside the pleadings. Fed. R. Civ. P. 12(d). If the court does consider evidence outside the pleadings, the court must convert the motion to a Rule 56 motion for summary judgment. *Id.*; *see also United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The district court has discretion to either accept outside evidence and convert the motion to a motion for summary judgment or exclude outside evidence and treat the motion as a motion to dismiss. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

The Court finds that the outside materials submitted in this case are unnecessary for the disposition of this motion. Thus, the Court will exclude, for the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 4

purposes of this motion, any outside materials submitted with the parties' briefings, and will consider solely the allegations in Ms. Patterson's complaint.

**FDCPA Claim**

Valley Empire argues that Ms. Patterson has failed to state a claim for relief under the FDCPA. ECF No. 7.

A plaintiff alleges an FDCPA claim by alleging: (1) the plaintiff is a consumer; (2) the debt involved meets the definition of debt in the FDCPA; (3) the defendant is a debt collector; and (4) the defendant committed an act prohibited by the FDCPA. *Turner v. Cook*, 362 F.3d 1219, 1227–28 (9th Cir. 2004); *Heejon Chung v. U.S. Bank, N.A.*, 250 F. Supp. 3d 658, 680 (D. Haw. 2017).

The first element of an FDCPA claim is that the plaintiff is a consumer. *Heejon Chung*, 250 F. Supp. 3d at 680. A consumer is a person obligated or allegedly obligated to pay a debt. 15 U.S.C. § 1692a(3). Here, Ms. Patterson has alleged that she is a consumer because she was allegedly obligated to pay a debt for her daughter's medical care. ECF No. 1 at 8. Thus, Ms. Patterson has alleged the first element of an FDCPA claim.

The second element of an FDCPA claim is that the debt involved meets the definition of debt in the FDCPA. *Heejon Chung*, 250 F. Supp. 3d at 680. A debt is an obligation or alleged obligation to pay money from a transaction that is primarily for personal, family, or household purposes. *Id.* § 1692a(5). Here, Ms. Patterson's alleged debt resulted from medical services provided to her daughter. ECF No. 1 at

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 5

Medical services for her daughter qualifies as a family purpose. Thus, Ms. Patterson has alleged the second element of an FDCPA claim.

The third element of an FDCPA claim is that the defendant is a debt collector. *Heejon Chung*, 250 F. Supp. 3d at 680. A debt collector is a person who uses an instrumentality of interstate commerce to engage in a business in which the principal purpose is the collection of debts, or regularly attempts to collect debts owed or due to another. *Id.* § 1692a(6). Ms. Patterson alleges in her complaint that Valley Empire regularly engages in the practice of debt collection. ECF No. 1 at 10. Therefore, Ms. Patterson has alleged the third element of an FDCPA claim.

The fourth and final element of an FDCPA claim is that the defendant committed an act prohibited by the FDCPA. *Heejon Chung*, 250 F. Supp. 3d at 680. Among the many ways a debt collector can violate the FDCPA is with false or misleading representations in connection with the collection of a debt. 15 U.S.C. § 1692e. A false or misleading representation includes communicating credit information which is known to be false, "including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). While the FDCPA does not define "dispute," courts have interpreted the word "dispute" in section 1692e(8) to mean "to call into question or cast doubt upon." *See Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346–48 (7th Cir. 2018). Additionally, for a debt collector to violate selection 1692e, the allegedly false or misleading statement must be material, in that the least sophisticated debtor would be misled by the

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 6

communication. *See Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010).

Ms. Patterson alleges that Valley Empire failed to report Ms. Patterson's dispute of the amount due on the medical account to credit reporting agencies in violation of section 1692e(8). ECF No. 1 at 9. She alleges to have disputed the account by denying liability on the account in her answer to Valley Empire's debt collection lawsuit and her opposition to Valley Empire's summary judgment motion. *Id.* Therefore, Ms. Patterson has alleged that she disputed the credit account, and that Valley Empire failed to tell credit reporting agencies that the account was disputed.

The remaining question is whether Valley Empire's failure to communicate with credit reporting agencies is material. While the Ninth Circuit has defined materiality as likely to mislead an unsophisticated debtor, the Ninth Circuit has not addressed the meaning of materiality in relation to the debt collector's failure to communicate the disputed status of an account with credit reporting agencies. Other appellate courts, however, have reached the issue. The Eighth Circuit reasoned that "if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416 (8th Cir. 2008) (emphasis in original). Further, the Seventh Circuit found the failure to report the disputed status of an account to credit reporting agencies was material,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 7

because "the failure to inform a credit reporting agency that the debtor disputed his or her debt will *always* have influence on the debtor, as this information will be used to determine the debtor's credit score." *Evans*, 889 F.3d at 349 (emphasis in original).

Here, Ms. Patterson alleges that Valley Empire elected to report the unpaid medical accounts to credit reporting agencies. ECF No. 1 at 8. Because Valley Empire elected to report the medical account, if Valley Empire did not disclose that the account was disputed, that failure to disclose would be material. Ms. Patterson's complaint therefore alleges that Valley Empire failed to report the credit account as disputed, and that such a failure would be material under section 1692e. Thus, Ms. Patterson's complaint sufficiently states a FDCPA claim.

*Statute of Limitations*

Valley Empire argues that Ms. Patterson's claims fall outside of the FDCPA's statute of limitations. ECF No. 7. The FDCPA has a one-year statute of limitations. 15 U.S.C. § 1692k(d). However, twice in Ms. Patterson's complaint she alleges that Valley Empire's unlawful conduct occurred within the previous 12 months. ECF No. 1 at 15, 18. Thus, Ms. Patterson has alleged conduct by Valley Empire within the FDCPA's statute of limitations.

Ms. Patterson's complaint has alleged a claim for relief under the FDCPA within the statute of limitations. Thus, the Court denies Valley Empire's motion to dismiss.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS ~ 8

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, **ECF No. 7**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** October 23, 2018.

                        *s/ Rosanna Malouf Peterson*
                        ROSANNA MALOUF PETERSON
                        United States District Judge